LDA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE 1997 MERCEDES E-300D,<br>VIN: WDBJF20F1VA373129,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.<br>[illegible] 06 115 ML |

COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, acting by and through the United States Attorney for the District of Rhode Island, in a civil cause for forfeiture, alleges upon information and belief:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, 1356, and 1395, 21 U.S.C. § 881(a)(4), and 18 U.S.C. § 983.

2. That on or about September 8, 2005, the defendant vehicle, one 1997 Mercedes E-300D, VIN: WDBJF20F1VA373129, was seized in Providence, Rhode Island, by agents of the Drug Enforcement Administration (DEA) pursuant to the arrest of Rafael Santos. (See affidavit of DEA Special Agent Keith Leighton attached hereto and made a part hereof.)

3. That on and before September 8, 2005, the defendant vehicle was used by Rafael Santos to facilitate the transportation, sale, receipt, possession, and concealment of cocaine in violation of Title 21 U.S.C. § 841(a)(1), to wit: a confidential source (CS) purchased 60 grams of heroin from Santos inside the defendant vehicle on December 13, 2004; the

defendant vehicle was also utilized by Santos in the sale of 100 grams of heroin to the CS on both April 6, 2005 and September 8, 2005. (See affidavit of DEA Special Agent Keith Leighton attached hereto and made a part hereof.)

4. That by reason of the foregoing, the defendant vehicle is forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(4).

WHEREFORE, plaintiff, the United States of America, prays that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why forfeiture should not be decreed; that the defendant vehicle be forfeited to the United States of America and thereafter be disposed of according to law; and for such other and further relief as this court may deem just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

VERIFICATION

I, Michael P. Iannotti, being duly sworn, depose and say that I am an Assistant United States Attorney for the District of Rhode Island, that I have read the foregoing Complaint for Forfeiture in Rem, and that the contents thereof are true to the best of my knowledge, information, and belief.

Michael P. Iannotti

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Sworn to and subscribed before me this 10th day of March, 2006.

Linda A. Magnanian, Notary Public

Notary Public

My commission expires 8/27/09.

**AFFIDAVIT**

I, Keith Leighton, upon oath depose and say:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), Providence Resident Office, and have been so employed for the past 14 years.

2. This affidavit is submitted in support of Complaint For Forfeiture In Rem against one 1997 Mercedes E 300D, VIN: WDBJF20F1VA373129, RI Registration X-696, seized from RAFAEL SANTOS (SANTOS) on September 8, 2005, at 993 Broad Street Providence, Rhode Island.

3. On December 13, 2004, a DEA Providence Resident Office Confidential Source (CS) made several phone calls to SANTOS to arrange for the purchase of 50 grams of heroin. SANTOS told the CS he was going to see his guy, meaning his supplier, and that he would meet the CS at his (SANTOS') house. At approximately 11:26 a.m., on that same date, the CS again called SANTOS who told the CS (during the recorded conversation) that he was with his guy at 299 Carpenter Street, Providence, RI and that the CS should meet SANTOS in the parking lot there right away. SANTOS indicated he would be driving his Mercedes, known by investigators to bear RI registration X-696, and described in paragraph 2 above. This vehicle is a gold 1997 Mercedes Benz registered in Rafael SANTOS' name at 134 Wallace St., Providence, RI. The CS was given $3,300 Official Authorized

Funds (OAF) to purchase the 50 grams of heroin and at approximately 12:20 p.m., arrived at 299 Carpenter Street, drove through the prescribed parking lot, and eventually parked on Carpenter St. The CS then called SANTOS to notify him of the CS's arrival. SANTOS informed the CS that he was at his beauty salon and that he would be at the CS's location in approximately 10 minutes. Although SANTOS had wanted the CS to go inside 299 Carpenter and go to room 204 and ask for Enrique, the CS told SANTOS that he/she would not do this. At approximately 12:41 p.m., the gold Mercedes bearing RI Registration X-696 arrived and parked to the rear of the CS's vehicle. SANTOS and the CS then met and entered the building at 299 Carpenter St. through a door with a sign "Carpenter Mills." The CS met with SANTOS and an individual, later identified by the CS as Enrique, who was introduced as the jewelry shop owner and the source of supply for SANTOS' heroin. Enrique LNU and SANTOS told the CS that they had a bag with 60 grams of heroin. The CS told them that the CS had only enough money for 50 grams. The CS then went outside and entered the CS's vehicle while SANTOS remained in the building with Enrique. At approximately 12:51 p.m., SANTOS exited 299 Carpenter Street, spoke with the CS, and both the CS and SANTOS then got into SANTOS' Mercedes. The CS then exited the Mercedes, entered the CS vehicle, and departed the area. The CS let it be known via listening device that SANTOS had just

sold the CS 60 grams of heroin inside SANTOS' Mercedes. SANTOS had also told the CS that the CS could pay for the additional 10 grams of heroin in a few days. SANTOS was then observed re-entering 299 Carpenter Street at approximately 12:53 p.m. A short time later, SANTOS exited the building and departed in his Mercedes.

4. On April 6, 2005, at approximately 6:35 p.m., DEA Agents and Task Force Officers provided the CS with $7,000 OAF to purchase approximately 100 grams of heroin from SANTOS. The CS was also provided with a vehicle equipped with a hidden camera and recorder. The CS then went to 993 Broad Street, Providence, Rhode Island, the location of SANTOS' business, "Seleccion" Hair Salon. At approximately 7:00 p.m., the CS arrived in the Undercover Vehicle (UC Vehicle) at the "Seleccion" Hair Salon where SANTOS was standing outside. SANTOS entered the UC Vehicle which then pulled around and parked on the south side of the salon. At approximately 7:13 p.m., SANTOS exited the UC Vehicle and entered the salon. At approximately 7:43 p.m., DEA Agents and Task Force Officers observed SANTOS out in front of the salon speaking on the phone. At approximately 7:44 p.m., DEA Agents and Task Force Officers observed SANTOS re-enter the salon. At approximately 7:55 p.m., SANTOS exited the salon and stood outside the UC Vehicle while speaking to the CS through the passenger side of the UC Vehicle.

After a few seconds, SANTOS walked from the UC Vehicle to the gold Mercedes, described in paragraph 2, which was parked next to the UC Vehicle. SANTOS entered this Mercedes while the UC Vehicle backed out of the salon parking lot and departed from the area. Upon arrival at the DEA Providence, RI Resident Office, the CS gave the 100 grams of heroin to DEA Agents and Task Force Officers. The CS also provided DEA Agents with a written statement which indicated that SANTOS had wanted to complete the transaction inside his vehicle, the gold Mercedes. The CS added that SANTOS had the $7,000 OAF in his possession when he left the salon in his Mercedes at the conclusion of the transaction.

5. On September 8, 2005, at approximately 11:25 a.m., the CS made a recorded telephone call to SANTOS to confirm a 100 gram heroin transaction for that same day. During this call, the CS informed SANTOS that he/she wanted to do the deal at SANTOS' salon just like the last time (Purchase of approximately 100 grams of heroin on April 6, 2005). SANTOS responded that this would not be a problem and that he would be at the salon in about 20 minutes. SANTOS then asked the CS if he/she had the money to which the CS replied in the affirmative. DEA Agents and Task Force Officers provided the CS with the OAF and the CS traveled to "Seleccion" Hair Salon, 993 Broad Street, Providence, Rhode Island. The CS was also equipped with an

undercover vehicle which contained a hidden camera and recorder. At approximately 12:00 p.m., a gold Mercedes, resembling the one owned and operated by SANTOS, slowed down as it passed by the salon while heading in a southbound. DEA Agents and Task Force Officers observed the driver of the Mercedes look in the side parking lot of the salon as if looking for someone in particular but could not observe the registration of the Mercedes from their vantage point and could not confirm the driver as being SANTOS. At approximately 12:02 p.m., the CS arrived at the salon in the UC Vehicle and parked in the side lot of the salon. At approximately 12:12 p.m., DEA Agents and Task Force Officers observed the gold Mercedes, described in paragraph 2, operated by SANTOS, arrive at the salon and park next to the CS. The CS exited the UC Vehicle, approached the gold Mercedes, and began speaking to SANTOS through the passenger side window. The CS then re-entered the UC Vehicle and the gold Mercedes proceeded to park on the other side of the UC Vehicle. SANTOS exited the gold Mercedes and entered the UC Vehicle. Between 12:15 p.m. and 12:30 p.m., SANTOS walked back and forth between the UC Vehicle and the salon several times and was observed speaking to several unknown individuals. At approximately 12:25 p.m., SANTOS walked in front of the salon on Broad Street in a northbound direction and DEA Agents and Task Force Officers lost sight of SANTOS. At approximately 12:30 p.m., SANTOS met with a

young black male, later identified as ISMAEL GOMEZ (GOMEZ), on the north side of the salon along Sumter Street. They walked down Sumter Street and stopped behind the salon. At approximately 12:31 p.m., GOMEZ handed a shiny object to SANTOS, and SANTOS then re-entered the UC Vehicle. After approximately 15 seconds, the CS exited the UC Vehicle, proceeded to the trunk of the UC Vehicle, and gave the bust/arrest signal. Both SANTOS and GOMEZ were arrested after a brief foot chase. The 100 grams of heroin was turned over to DEA agents and SANTOS' Mercedes was seized.

6. Based upon the foregoing, there is probable cause to believe that the 1977 Mercedes vehicle, described in paragraph 2, was used to facilitate the transportation, sale, receipt, possession, and concealment of heroin in violation of 21 U.S.C. § 841(a)(1), and that said vehicle is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. § 881(a)(4).

KEITH LEIGHTON
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
this 9th day of March, 2006.

Notary Public
My commission expires: 8/27/09